FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JAN 03 2013 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

JERRY MAURICE,

          Plaintiff,

- against -

EULEN AMERICA,

          Defendant.
------------------------------------------------------------X

**MEMORANDUM AND ORDER**
12-CV-6345 (RRM)(LB)

**ROSLYNN R. MAUSKOPF, United States District Judge.**

Plaintiff Jerry Maurice brings the instant *pro se* complaint pursuant to Title VII of the Civil Rights Act of 1964, as codified at 42 U.S.C. § § 2000e – 2000e-17 ("Title VII"). The Court grants plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). For the reasons stated below, plaintiff is granted leave to file an amended complaint within thirty (30) days of the date of this Order.

## STANDARD OF REVIEW

*Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008).

Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal,* 556 U.S. 662, 678-79 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its

face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). However, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

## BACKGROUND

Plaintiff, who worked for defendant at JFK International Airport, states that in August 2012, "the senior manager nephew took my clients I suppose to do and senior manager nephew said to me, 'you very greedy and I am going to get you fire[d].' When he said that I went down to HR to fill a complaint, after I finish fill complaint the following week I went to HR to ask [for] a promotion, for me don't get the promotion." (Compl. (Doc. No. 1) at 4). Plaintiff was subsequently terminated after he missed work from September 1-12 when he was hospitalized at Jamaica Hospital. *Id*.

## DISCUSSION

Pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, plaintiff must provide a short, plain statement of claim against each defendant named so that they have adequate notice of the claims against them. *Ashcroft*, 556 U.S. at 678-79 ("[Rule 8] demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). Moreover, plaintiff must provide facts sufficient to allow each named defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery. *See Bell Atlantic Corp.*, 550 U.S. at 555 (Rule 8 requires that the plaintiff's pleading "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" (quoting *Conley*, 355 U.S. at 47)); *Ricciuti v. New York City Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991) ("[Rule 8]

2

is designed to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery[.]").

Although plaintiff seeks to bring a Title VII claim, he fails to plead sufficient factual allegations to support a claim for relief. Title VII provides that "[i]t shall be an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C.2000e–2(a). Plaintiff checks the box for Title VII on the Court's form employment discrimination complaint, *see* (Compl. (Doc. No. 1) at 1), indicating that he was discriminated against based on his national origin (Haitian). (Compl. (Doc. No. 1) at 3). However, he fails to provide any facts to support a claim under the statute or to connect his termination to his protected status. *See Ruston v. Town Bd. of Skaneateles*, 610 F.3d 55, 59 (2d Cir. 2010) ("Under *Iqbal,* factual allegations must be sufficient to support necessary legal conclusions," and must "plausibly suggest an entitlement to relief"); *see also Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120-21 (2d Cir. 2010) (although *Twombly* and *Iqbal* do not impose a heightened pleading standard in employment discrimination cases, enough facts must still be pleaded to make plaintiff's claim plausible).

## CONCLUSION

Accordingly, in light of plaintiff's *pro se* status, plaintiff is granted thirty (30) days leave to file an amended complaint to correct the deficiencies discussed above. *See Cruz v. Gomez*, 202 F.3d 593 (2d Cir. 2000). The amended complaint must also include a short, plain statement of facts sufficient to support a plausible claim that his former employer discriminated against him in violation of Title VII.

3

The amended complaint will completely replace the original complaint, must be captioned, "Amended Complaint," and shall bear the same docket number as this Order. No summons shall issue at this time and all further proceedings shall be stayed for thirty (30) days. The Clerk of Court is directed to forward an employment discrimination form complaint to plaintiff with this Order.

If plaintiff fails to file an amended complaint within thirty (30) days of the date of this Order, the instant action shall be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and judgment shall enter. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
January 3, 2013

/S/ Judge Roslynn R. Mauskopf
ROSLYNN R. MAUSKOPF
United States District Judge